# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE TRIEU,<br><br>    Plaintiff,<br><br> v.<br><br>C. N. HO, et al.,<br><br>    Defendants.<br>_____/ | 1:11-cv-01608-GSA-PC<br><br><u>SCREENING ORDER</u><br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 1.)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br>(Doc. 7.)<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I. RELEVANT PROCEDURAL HISTORY**

  Mike Trieu ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 22, 2011 (Doc. 1.) On October 7, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case, including final judgment, until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the Court for screening. Plaintiff's motion for preliminary injunctive relief, filed on June 28, 2012, and request for appointment of counsel are also now before the Court. (Docs. 1, 7.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF COMPLAINT

The events at issue in the Complaint allegedly occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California, while Plaintiff was incarcerated there. Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California. In the Complaint, Plaintiff names as defendants Dr. C. N. Ho, Dr. J. Chokatos, Dr. Das, Dr. I. Ogbuehi, Dr.

R. Singh, and Physician's Assistant J. Fortune. All of the defendants were employed at PVSP at the time the events at issue occurred. Plaintiff alleges as follows.

Plaintiff suffers from anemia and diabetes. Plaintiff alleges that as an anemic, he needs the medication Epogen to live, because Epogen produces red blood cells in his body, bringing Plaintiff oxygen and allowing him to live. Plaintiff was treated with the medication Aranesp for forty six months while housed at the Los Angeles County Jail, and was treated with Epogen for four months while housed at North Kern State Prison ("NKSP"). Plaintiff was transferred from NKSP to PVSP in April of 2011.

On April 18, 2011, defendant Dr. Ogbuehi refused to provide Plaintiff with treatment with Aranesp, despite Plaintiff's previous medical determinations, worsening condition, and pleas.

On April 27, 2011, Plaintiff had a medical evaluation at Twin Cities Hospital where it was determined that his 12.0 hemoglobin level was abnormal (normal range is 12.7-17.1) and he was diagnosed as anemic.

On May 17, 2011, defendant Fortune (Physician's Assistant) refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determinations, worsening condition, and pleas.

On June 6, 2011, defendant Dr. Chokatos refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determinations, worsening condition, pain, and pleas.

On June 9, 2011, Plaintiff began to experience serious chest pains.

On June 15, 2011, defendant Dr. Chokatos denied Plaintiff's 602 prison appeal pleading for medical care, despite the fact that medical personnel at the Fresno Regional Hospital had determined that an artery inside Plaintiff's heart had collapsed on June 12, 2011 and a 12.7 abnormal hemoglobin level was detected on June 13, 2011 (normal range is 14.0-18.0).

On June 23, 2011, defendant Dr. Ho refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determinations, worsening condition, pain, and pleas.

On June 28, 2011, blood tests further revealed that Plaintiff's blood cells and hemoglobin levels were well below normal standards.

On July 9, 2011, medical personnel at Coalinga Emergency Center determined that Plaintiff's 11.9 hemoglobin level was abnormal (normal range is 14.0-18.0).

3

On July 10, 2011, medical personnel at Fresno Regional Hospital again determined that Plaintiff's 11.9 hemoglobin level was abnormal (normal range is 14.0-18.0).

On July 28, 2011, defendant Fortune discontinued Plaintiff's blood pressure checks and reduced his blood pressure medication from twice a day to once a day. Plaintiff began to experience severe chest pains and other painful symptoms resulting from injured and damaged kidneys. Plaintiff's blood pressure skyrocketed to 175/87.

On August 22, 2011, defendant Dr. Das refused to provide Plaintiff with Epogen.

Defendant Dr. Chokatos has not provided Plaintiff with the appropriate insulin for Type-1 diabetes.

Plaintiff requests monetary damages for physical and emotional harm, injunctive and declaratory relief, and appointment of counsel.

## IV.   PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

**B.   Discussion**

Plaintiff alleges that he suffers from anemia and diabetes which require medical treatment. Under these facts, Plaintiff has established a serious medical need. However, Plaintiff has not alleged facts demonstrating that any defendant was aware of a substantial risk of serious harm to Plaintiff and deliberately disregarded it. Plaintiff only alleges that defendants, aware of Plaintiff's medical history and symptoms, refused to prescribe the medications and order the tests that Plaintiff believes are necessary for his health, which at most alleges a disagreement with the medical treatment decided by his physicians. Mere difference of opinion between a prisoner and prison

medical staff as to appropriate medical care does not give rise to a section 1983 claim. <u>Hatton v. Arpaio</u>, 217 F.3d 845 (9th Cir. 2000); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). Therefore, Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment against any of the defendants. Plaintiff shall be granted the opportunity to amend his medical claim.

**V.      MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

On June 28, 2012, Plaintiff filed a motion for preliminary injunctive relief. (Doc. 7.) Plaintiff, who is presently incarcerated at RJD, requests a court order requiring prison officials to administer him an "Epogen Experience Treatment Test" for three months or ten weeks. (<u>Id.</u>)

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. <u>Id.</u> at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendants based on events occurring at the PVSP in 2011 when Plaintiff was incarcerated there. Plaintiff is now incarcerated at RJD and requests a court

order compelling prison officials there to provide him with medical treatment. Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, because the Court has determined that Plaintiff's Complaint fails to state a claim, and Plaintiff has been granted leave to file an amended complaint within thirty days, the Court does not yet have before it an actual case or controversy, and therefore lacks jurisdiction at this juncture to provide any preliminary injunctive relief in this action. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Therefore, Plaintiff's motion for preliminary injunctive relief shall be denied.

## VI.   APPOINTMENT OF COUNSEL

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Id. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

## VII.  CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983 against any of the defendants. Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended

complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

With respect to exhibits, while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim." Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint may result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purposes of adding unrelated claims. In addition, Plaintiff should take care to include only those claims for which he has exhausted his administrative remedies.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

///

titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on September 22, 2011, is dismissed for failure to state a claim, with leave to amend;
2. Plaintiff's motion for preliminary injunction, filed on June 28, 2012, is DENIED;
3. Plaintiff's request for appointment of counsel is DENIED;
4. The Clerk's Office shall send Plaintiff a civil rights complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an Amended Complaint curing the deficiencies identified by the Court in this order;
6. Plaintiff shall caption the amended complaint "Amended Complaint" and refer to the case number 1:11-cv-01608-GSA-PC; and
7. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 2, 2012**             /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE