# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIKE DU TRIEU, | ) | NO. 1:11-cv-01608-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| DR. SINGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

This action proceeds on the July 16, 2012, first amended compliant, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the CDCR at the R.J. Donovan Correctional Facility, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP), where Plaintiff was housed at the time of the events at issue. In the original complaint, Plaintiff named the following defendants: Dr. Ho; Dr. Chokatos; Dr. Das; Dr. Ogbuehi; Dr. Singh and Physician's Assistant (PA) J. Fortune. In the order dismissing the original complaint, the Court noted the following allegations:

///

Plaintiff suffers from anemia and diabetes. Plaintiff alleges that as an anemic, he needs the medication Epogen to live, because Epogen produces red blood cells in his body, bringing Plaintiff oxygen and allowing him to live. Plaintiff was treated with the medication Aranesp for forty six months while housed at the Los Angeles County Jail, and was treated with Epogen for four months while housed at North Kern State Prison. Plaintiff was transferred from North Kern to PVSP in April 2011.

On April 18, 2011, Defendant Dr. Ogbuehi refused to provide Plaintiff with a prescription for Aranesp, despite Plaintiff's previous medical determinations, worsening condition, and pleas.

On April 27, 2011, Plaintiff had a medical evaluation at Twin Cities Hospital where it was determined that his 12.0 hemoglobin level as abnormal (normal range is 12.7-17.1) and he was diagnosed as anemic.

On May 17, 2011, Defendant Fortune refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determinations, worsening conditions, and pleas.

On June 6, 2011, Defendant Dr. Chokatos refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determinations, worsening condition, pain and pleas.

On June 9, 2011, Plaintiff began to experience serious chest pains.

On June 15, 2011, Defendant Dr. Chokatos denied Plaintiff's 602 prison appeal pleading for medical care, despite the fact that medical personnel at the Fresno Regional Hospital had determined that an artery inside Plaintiff's heart had collapsed on June 12, 2011 and a 12.7 abnormal hemoglobin level was detected on June 13, 2011 (normal range is 14.0 - 18.0).

On June 23, 2011, Defendant Dr. Ho refused to provide Plaintiff with Epogen, despite Plaintiff's previous medical determination, worsening condition, pain and pleas.

On June 28, 2011, blood tests further revealed that Plaintiff's blood cells and hemoglobin levels were well below normal standards.

On July 9, 2011, medical personnel at Coalinga Emergency Center determined that Plaintiff's 11.9 hemoglobin level was abnormal (normal range is 14.0 - 18.0).

On July 10, 2011, medical personnel at Fresno Regional Hospital again determined that Plaintiff's 11.9 hemoglobin level as abnormal (normal range is 14.0 - 18.0).

On July 28, 2011, Defendant Fortune discontinued Plaintiff's

> blood pressure checks and reduced his blood pressure medication from twice a day to once a day. Plaintiff began to experience severe chest pains and other painful symptoms resulting from injured and damaged kidneys. Plaintiff's blood pressure skyrocketed to 175/87.
>
> On August 22, 2011, Defendant Dr. Das refused to provide Plaintiff with Epogen.
>
> Defendant Dr. Chokatos has not provided Plaintiff with the appropriate insulin for Type-1 diabetes.

(ECF No. 8).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting) McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc)(internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

In the order dismissing the complaint, the Court noted that although Plaintiff established a serious medical need, he had not alleged any facts demonstrating that any defendant was aware of a substantial risk of serious harm to Plaintiff and deliberately disregarded it. Plaintiff only alleged that defendants, aware of Plaintiff's medical history and symptoms, refused to prescribe the medications and order the tests that Plaintiff believed were necessary for his health. The order noted that Plaintiff alleged facts indicating a disagreement with the course of medical

3

treatment decided upon by his physicians.  Plaintiff was advised that a mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim.  <u>Hatton v. Arpaio</u>, 217 F.3d 845 (9th Cir. 2000); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff's allegations therefore failed to state a claim for relief.

Plaintiff's statement of claim in the July 16, 2012, first amended complaint, in its entirety, follows:

> My fundamental anemia without Epogen is tire, very tire!  Then my diabetes, getting worse, Type II become Type I - insulin dependency.  And then my high blood pressure getting worse, blood pressure higher and higher.  And my left hand cannot be used, sciatic acting up, hard to stand up long and walk.  When I had my Aranesp or Epogen, I do not have the above symptoms.

(Am. Compl. ¶ IV.)

The Court finds that Plaintiff has failed to cure the deficiencies identified in the order dismissing the original complaint.  Plaintiff clearly alleges that he has a serious medical condition.  Plaintiff has not, however, alleged any facts indicating that any of the named defendants knew of and disregarded that condition.  The facts alleged indicate that Plaintiff was treated for his condition.  That the treatment was not effective, or that it fails to comport with Plaintiff's opinion of what his medical treatment should be, does not subject defendants to liability.  Plaintiff has not alleged any facts indicating that defendants were aware of an appropriate course of treatment and disregarded that course of treatment.  "[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law."  <u>Jackson v. McIntosh</u>, No. 94-16741 (9th Cir. Apr. 11, 1996), citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 107-08 (1976).  As <u>Jackson</u> continues, to "prevail under these principles, [a plaintiff] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances."  <u>Id.</u>, citing <u>Williams v. Vincent</u>, 508 F.2d 541, 543-44 (2d Cir. 1974).

4

In the July 2, 2012, order the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has not cured the deficiencies identified in the order dismissing the original complaint, the Court dismisses the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   July 26, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

5